This office is in receipt of your letter dated January 24, 1979, wherein you ask the Attorney General for an opinion regarding the following questions: Is the Oklahoma State Board of Public Accountancy required to deliberate openly following a hearing upon a complaint brought against a registrant for disciplinary action? May the Oklahoma State Board of Public Accountancy, following an open hearing concerning a complaint against a registrant involving disciplinary action, confer in executive session with its attorney concerning legal issues involved in that complaint ? The pertinent portion of the Open Meeting Act regarding executive session appears at 25 O.S. 307 [25-307] (1978) and states that: No public body shall hold executive sessions unless otherwise specifically provided for herein. Executive sessions of public bodies will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of an individual salaried public officer or employee; . . . attorney or legal guardian and for the purpose of discussing negotiations concerning employees and representatives of employee groups. In discussing the above section's applicability to the need to have the public's business conducted in the open, and the principal of attorney confidentiality, the Supreme Court in Oklahoma Association of Municipal Attorneys v. State of Oklahoma, 577 P.2d 1310 (1978), indicated that: If an informed citizenry is to meaningfully participate in government or at least understand .why government acts affecting their daily lives are taken, the process of decision making as well as the end results must be conducted in full view of the government. On the other hand, public parties are charged with the duties and responsibilities of representing the public and protecting their property and their rights, in most cases the power to negotiate, contract and litigate are absolutely essential prerequisites to the proper performance of governmental functions the public bodies are duty bound to discharge. We note, however, that executive sessions considered in Oklahoma Association of Municipal Attorneys, supra, involved communications between a public body and its counsel concerning pending or impending litigation. In that respect the public body is a litigant or adversary. However, your question involves a lawyer-public body discussion where the public body is not a litigant but sits as an arbiter or trier of fact and law. The language of the statute does not permit executive sessions for such purpose. Therefore, it is the opinion of the Attorney General that (1) The Oklahoma State Board of Public Accountancy, under 12 O.S. 307 [12-307] (1978), is required to deliberate openly following a hearing with regard to a complaint brought against a registrant for disciplinary action; and (2) The State Board of Public Accountancy may not confer in executive session with its attorney on legal issues raised during the conduct of an open hearing on disciplinary complaints. (EVERETTE D. HULL) (ksg) ** SEE: OPINION NO. 83-290 (1983) (UNPUBLISHED) **